932 F.2d 969
 138 L.R.R.M. (BNA) 2360
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edith M. SHEPHERD, Mary Brown, and Mary Boston, Plaintiffs-Appellants,
v.
BOISE CASCADE CORP., Defendant-Appellee.
 No. 90-6263.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1991.
 
 Before KEITH and MILBURN, Circuit Judges, and COHN, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiffs Edith M. Shepherd, Mary Brown, and Mary Boston appeal the district court's grant of summary judgment for defendant Boise Cascade Corporation in this action brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001 et seq.; section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. Sec. 185; and the Declaratory Judgment Act, 28 U.S.C. Sec. 2201, seeking a declaration of rights and the recovery of early retirement benefits under the pension plan.
 
 
 2
 Plaintiffs are members of the American Federation of Grain Millers (AFL-CIO) International Union No. 33 (the "union"), and they were employed by defendant at its consumer packaging division plant in New Albany, Indiana. In 1977, defendant and the union entered into a collective bargaining agreement which included a provision allowing union members to participate in a pension plan established by defendant pursuant to ERISA. The pension plan, which was included in subsequent collective bargaining agreements between defendant and the union through August 31, 1987, contained a provision for unreduced early retirement benefits which stated: "Employees at age 62, who have at least twenty (20) years of credited service shall be able to elect to retire without any actuarial reduction for their accrued benefit."
 
 
 3
 On April 1, 1987, defendant sold the New Albany plant to Sonoco Products Company. All employees at the plant involuntarily separated employment from defendant, and all employees' accrual of service in the pension plan terminated. As of March 31, 1987, each of the plaintiffs had at least twenty years of credited service, but none had reached age 62. All employees at the New Albany plant became employees of Sonoco on April 1, 1987, and Sonoco assumed the 1984-87 collective bargaining agreement, which remained in effect until its expiration on August 31, 1987.
 
 
 4
 The purchase and sale agreement between defendant and Sonoco required Sonoco to allow each employee a past service credit for the period of time the employee worked for defendant solely for the purpose of determining eligibility and vesting under Sonoco's retirement and benefit plans. James H. Shelley, staff vice president of Sonoco, stated in an affidavit that Sonoco had undertaken the obligation to replace any shortfall in unreduced early retirement benefits from defendant's pension plan for union employees of Sonoco "who completed twenty years of service with [defendant] (or whom [sic] complete 20 years of combined service with Sonoco and [defendant] and attain age 62 before terminating employment with Sonoco."
 
 
 5
 When plaintiff Shepherd reached age 62 on March 26, 1988, and when plaintiff Brown reached age 62 on August 17, 1988, they separately inquired about unreduced early retirement. Defendant informed both plaintiffs that they were not eligible for unreduced early retirement because they were terminated from employment on March 31, 1987, before reaching age 62. Neither Brown nor Shepherd applied for early retirement benefits.[1]
 
 
 6
 On April 5, 1989, plaintiffs filed the present action individually and as representatives of a class of persons who were employed by defendant at the New Albany plant as of March 31, 1987, and who had over 20 years of credited service but had not reached age 62. Plaintiffs sought a declaration of their rights to unreduced early retirement benefits upon reaching age 62, a permanent injunction enjoining defendants from denying plaintiffs unreduced early retirement benefits at age 62, and recovery of early retirement benefits for plaintiffs Brown and Shepherd for each month following their 62nd birthdays. In a memorandum opinion dated May 30, 1990, the district judge granted summary judgment for defendant, holding that plaintiffs were not entitled to early retirement benefits because they had not satisfied both conditions when the plant was sold and because they were not employed by defendant upon reaching age 62.
 
 
 7
 This timely appeal followed. The principal issues on appeal are (1) whether plaintiffs' action is barred because they failed to exhaust remedies under the collective bargaining agreement and the pension plan, and (2) whether the district court erred by granting summary judgment for defendant on plaintiffs' claim for unreduced early retirement benefits.
 
 
 8
 After hearing argument of counsel and considering the briefs and record filed herein, we affirm the judgment of the district court for the reasons stated in its memorandum opinion of May 30, 1990. In this connection, we have noted that the district court stated in his opinion:
 
 
 9
 The affidavits submitted to the Court indicate that the plaintiffs are now employed by Sonoco. There is nothing that indicates that any employee of Boise Cascade who wished to work for Sonoco was denied that privilege. Therefore, in light of that factual situation, and in light of the further declarations by defendant that there is an existing agreement between it and Sonoco which binds Sonoco to pay pension benefits to any members of the plaintiff class who have reached age 62 and who have 20 years of combined service with Boise Cascade and Sonoco[2]....
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Plaintiff Boston has not applied for early retirement because she will not reach age 62 until February 26, 1996
 
 
 [2]
 At oral argument, counsel for defendant conceded that plaintiffs were entitled to receive unreduced early retirement benefits from Sonoco upon reaching age 62 and having twenty years of combined service with defendant and Sonoco